# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: (202) 879-3686
blucas@jonesday.com

April 29, 2025

VIA CM/ECF

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

> Re: *Lopez Regueiro v. American Airlines, Inc.*, No. 23-12568 (argued Sept. 11, 2024) – Response to April 23, 2025 Letter Re: *Fernandez v. Seaboard Marine LTD.*, No. 22-12966

Dear Mr. Smith:

*Fernandez* does not support reversing the decision below. To start, *Fernandez* did not address the two, independent reasons the district court gave for dismissal. Resp.Br.17-45. In all events, its ruling that *shareholders* can bring Title III claims related to the confiscation of *corporate* property is neither correct nor controlling. Op.13-14.

While *Fernandez* assumed that barring such suits would "remove the word 'claim' from the statute," that concern is misplaced. Op.13. "Claim" does important work under the proper reading of the statute, as this case illustrates. Once Cuba confiscated the Airport, *CAISA* at most owned a "claim" to that property, as Cuba owned the Airport itself. But that does not answer whether *plaintiff*—as an alleged shareholder of CAISA—owns a "claim" to the Airport as well. Under basic corporate-law principles, he does not: "An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets," its claims included. *Dole Food Co. v. Patrickson,* 538 U.S. 468, 475 (2003); Resp.Br.45-50.

*Fernandez* fared no better in asserting that even if shareholders "did not own" the property, they still "had an interest in" it. Op.14. While shareholders may have "an indirect or collateral interest" in corporate property, 11 Fletcher Cyc. Corp. § 5100 (2024), that is not enough. When Congress wants to allow claims based on an "indirect" interest in corporate property, it says so explicitly, as the ICSA shows. Resp.Br.48. Title

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

David J. Smith
April 29, 2025
Page 2

III, however, speaks only of an "interest" in property. 22 U.S.C. § 6023(12)(A). Accordingly, plaintiff's "interest in [CAISA's] stock does not establish [his] interest in [CAISA's] corporate assets." *United States v. M/Y Galactica Star*, 13 F.4th 448, 456 (5th Cir. 2021) (addressing statute providing claim for "an interest in the seized property").

Finally, *Fernandez* conflicts with *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, 119 F.4th 1276 (11th Cir. 2024), by giving shareholders "'more rights'" than they would have without the confiscation. *Id.* at 1287; *see* Doc.49. "[W]here there is conflicting prior panel precedent," this Court "follow[s] the first in time," meaning *Fernandez* does not control. *United States v. Levy*, 379 F.3d 1241, 1245 (11th Cir. 2004).

Sincerely,

*/s/ Brinton Lucas*

Brinton Lucas
*Counsel for Appellee*
*American Airlines, Inc.*

cc: Counsel of Record (via CM/ECF)

JONES DAY

David J. Smith
April 29, 2025
Page 3

## **CERTIFICATION**

I hereby certify that pursuant to Fed. R. App. P. 28(j), the body of this Letter beginning with the first word after the salutation and ending with the last word before the complimentary close, contains 350 words according to the word-processing software used to prepare this Letter. I also certify that on April 29, 2025, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: April 29, 2025

*/s/ Brinton Lucas*
Brinton Lucas